Daniel, J.
 

 On the question of fraud' in the conveyance' by Beard to the plaintiff, the Court left it to the jury to say, ■whether there waff any fraudulent' intent on the part of Beard, and the jury found there was not' such an intent. But suppose there had been such an intent;- still, the conveyance would have been good hr law against the grantor,, and the defendants also who' were but
 
 tort
 
 Jeasors. The prop
 
 *104
 
 erty mentioned in the deed being dispersed made no differ- ; ior the title being in Beard at the time, and there being no adverse possession, the said title in law drew to it the possession, and the plaintiff did not take an assignment of a
 
 chose in action,
 
 but acquired the title, and also in law the possession, of the property mentioned in the deed.
 

 Secondly ; Beard did not, after the date of the deed of trust, tortiously take the plaintiff’s fur,-and change it into hats; he was the' bailee of the plaintiff,¡-and
 
 the
 
 alteration of the articles does not appear to have been done against the will and consent of the bailor. If Í send my wheat to a mill to be ground into flour, and the miller, my bailee for that purpose, converts it into flour, the property in the flour is in me, and not in the miller. But if a miller or other person
 
 tortiously
 
 takes my wheat and afterwards turns it into flour or malt, the flour or malt is not my property. Só if I gather my grapes and send them to my neighbor’s wine press, and he by my consent turn them into wine, the wine belongs to me, because the vintner was my bailee;- But if my neighbor commit a trespass, and tortiously take and carry away my grapes, and then turn them into wine, the wine is not my property. The wheat and the grapes, thus tortiously taken, having lost their identity by their transformation, the original owner cannot pursue and recover them from the
 
 tortfeasor
 
 in their entirely new and changed nature and state. But even if things have been tortiously taken and have not lost their identity, the owner may recover them in their changed form, unless they have been annexed to and made part of something, which is the
 
 principal
 
 — or changes its form from personal to real estate (as if worked into a house ) — as cloths made into a garment, leather into
 
 shoes, trees
 
 squared into timber, and iron made into bars; all these and such like maybe reclaimed by the original owner,in their new and improved state, for the nature of the thing is not changed.
 
 Brown
 
 v
 
 Sax, 7
 
 Cowen,
 
 59 Betls
 
 v
 
 Love,
 
 5 John. 384,
 
 Curtis v Grant,
 
 6 John. 169.
 
 Babcock v Gill,
 
 10 John. 287. Vin. ab. title Property, E. plea. 5.
 

 Per Curiam, Judgment affirmed.